JOHN L. ARMITAGE, PROSECUTOR, v. ESSEX CONSTRUC-
TION COMPANY, INCORPORATED, AND MAYOR AND
COMMON COUNCIL OF THE CITY OF NEWARK,
RESPONDENTS.

Argued February 19, 1915—Decided May 10, 1915.

A resolution of the common council of Newark, appropriating the sum
of $25,364.15 in payment of a bill for work alleged to have been
done under a void contract, is set aside as illegal, not being based
upon an examination and consideration of what the work was
fairly worth, such as a *quantum meruit*.

On *certiorari*.

Before Justices TRENCHARD, BERGEN and BLACK.

For the prosecutor, *Fort & Fort*.

For the Essex Construction Company, *Frank E. Bradner*.

For the mayor and common council of the City of Newark,
*Spaulding Frazer*.

The opinion of the court was delivered by

BLACK, J.   A chronological statement of some of the es-
sential facts is necessary to a proper understanding of this
case.   This writ of *certiorari* brings up for review, a resolu-
tion of the common council of Newark, adopted December
28th, 1914, approved December 30th, 1914, appropriating
the sum of twenty-five thousand three hundred and sixty-
four dollars and fifteen cents ($25,364.15), for the Essex
Construction Company in payment of a bill, the bill be-
ing attached to the resolution.   Preceding this, on February
6th, 1914, the common council adopted a resolution ap-
proving a contract between the city and the Essex Con-
struction Company dated January 20th, 1914, and direct-
ing the execution thereof.   This resolution was approved
by the mayor on February 7th, and the contract was ac-

tually executed on February 9th. On the same day application was made to the Chief Justice for a rule to show cause why a *certiorari* should not issue, which rule was returnable before the Supreme Court on February 17th. The application was argued at that time and the writ allowed on March 6th. On April 20th, the writ having been returned, the case was argued. On June 16th, the contract and the resolution on which it was based were set aside and held to be invalid. A rule for judgment was entered on July 9th, setting aside the contract and the resolution. From this judgment the defendants appealed, but the appeals were subsequently dismissed. No other contract was ever made between the city and the Essex Construction Company. The resolution provides that twenty-five thousand three hundred and sixty-four dollars and fifteen cents ($25,364.15) "is in payment of annexed bill for excavating and materials supplied and services rendered at Centre Market." This resolution, as above stated, was approved by the mayor on December 30th. On the same day application was made to Chief Justice Gummere for a rule to show cause why a writ of *certiorari* should not issue to set aside the resolution and all proceedings thereunder. The Chief Justice granted the rule, which was made returnable January 4th, 1915. At this time the hearing was continued until January 9th, when after argument, the Chief Justice allowed the writ for the reasons stated by him orally. The reasons for granting the writ were that the following propositions were at least debatable:

1. The substance of the case is not controlled by *Wentink v. Board of Freeholders, 66 N. J. L.* 65.

2. The resolution authorizing this payment is not a resolution passed after an examination and consideration by the council of what this work was fairly worth, but is a mere approval of the bill, apparently on the theory that it was authorized by the contract, or would have been authorized by the contract if the contract had been valid.

3. If a suit was brought to recover this money back, that suit would be completely answered by this resolution.

We think the manner of the payment violated section 10

of the city charter (*Pamph. L.* 1873, *p.* 319), which provides that no appropriation shall be made upon an estimate for work done under a contract until ten days after such estimate shall be filed and audited by the city auditor.

We also think the payment was in defiance of *Pamph. L.* 1871, *p.* 92, which provides that the city council shall not disburse money unless upon a detailed bill of items specifying particularly how such bill was made up and the dates and names of the persons to whom the amounts were severally paid. The present proceeding seems to violate both of the latter statutes.

It is also quite clear that the payment was not based upon either the contract rate, or the fair cost of the work done, but according to the arbitrary claim of the contractor, without any examination or determination of its correctness. This does not follow the rule laid down in the case of *Wentink* v. *Board of Freeholders,* 66 *N. J. L.* 65.

It appears from the deposition of witnesses taken in these proceedings, that in at least one instance ten per cent. for profit was added to a bill for iron or steel work, furnished by a sub-contractor. This was ordered paid by this resolution, and as it could not be recovered in an action even if the real cost could, it has not the sanction of the case relied upon, cited above. The entire proceedings resulting in this resolution justifies the finding that the money of the city has been expended without warrant of law as to at least a part of the payment.

If on this claim there may be a recovery at all (which question we do not decide), this is not the proper proceeding in which to settle the rights of the parties as to the *bona fides* of the claim; that should be determined in an action at law where the truth of a disputed claim can be passed upon by a jury under proper legal instructions. It is enough for us to say, as we do, that from the evidence before us it appears that this resolution undertakes to pay this contractor a sum in excess of the fair cost he has been put to in executing an invalid contract, assuming that he was without fault, a matter we do not pass upon.

The resolution should be set aside, with costs.